MELINDA HAAG (CABN 132612)
United States Attorney

FILED
2010 NOV 22 P 3:51
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> JAMES LIQUORI, <br> Defendant. | No. CR 10 00855 JF <br> VIOLATIONS: 18 U.S.C. § 1341 – Mail Fraud; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture <br> SAN JOSE VENUE |

## INFORMATION

The United States Attorney charges:

<u>Background and Parties</u>

At all times relevant to this indictment:

1. James Liquori ("Liquori"), d.b.a. Signature Properties, resided in San Jose, California, and was employed as a real estate agent and property manager licensed by the State of California.

2. In addition to his real estate and appraisal business, Liquori also brokered personal loans. Liquori sought money from investors to fund these personal loans to borrowers.

3. Liquori's borrower and investor pools both consisted of friends, associates, and

INFORMATION

clients.

4. Signature Properties maintained two bank accounts at Comerica Bank.

5. Liquori used a Signature Properties bank account, account # 8628203179, to pay personal expenses.

6. Liquori used a second Signature Properties bank account, Signature Properties Trust account, account # 1890779554, to deposit investor funds and to pay investors' monthly interest payments.

## The Scheme and Artifice to Defraud

7. Between 1997 and April 2010, Liquori funded private loans to borrowers using funds he obtained from investors.

8. When Liquori discovered an individual in need of a loan, he canvassed for an investor to fund the loan. After identifying a willing investor, Liquori deposited the investor's funds into the Signature Properties Trust account at Comerica Bank.

9. Liquori charged borrowers between ten and fourteen percent interest on the loans.

10. Liquori recruited investors by offering to pay monthly interest payments at a predetermined rate, generally between ten and twelve percent of the value of the loan. Liquori mailed these monthly interest payments to investors through the United States Postal Service.

11. Liquori made his profits by charging up-front points on the loans, ranging from two to six percent of the loan's value, allowing him to retain the difference between the interest he charged a borrower and paid an investor.

12. Liquori told investors that their loans were secured by second deeds of trust. In fact, in some instances, investment loans were secured by third, fourth, or even fifth deeds of trust. In other instances, Liquori used the same deed of trust to secure multiple investors' loans. Finally, at times, Liquori collected investment funds without having a borrower or loan with which to invest. On these occasions, Liquori deposited the investors' funds and used the money to pay personal expenses or other investors' monthly interest payments.

13. On or about and between 1997 and April 2010, in the Northern District of California, and elsewhere, the defendant,

INFORMATION 2

JAMES LIQUORI,

for the purpose of executing a scheme to defraud, by means of false and fraudulent material representations, the above-described scheme and attempting to do so, sent and caused to be sent through the U.S. Postal Service, the item indicated below:

| Date | To | From | Description |
| --- | --- | --- | --- |
| November 13, 2007 | D.W. | James Liquori (d/b/a Signature Properties) | investment statement and monthly interest payment |

All in violation of Title 18, United States Code, Section 1341.

FORFEITURE ALLEGATION: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) - Forfeiture of mail fraud proceeds)

14. The allegations of paragraphs one through fourteen and Counts One through Ten of this Information are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

15. Upon a conviction of any of the offenses alleged in Counts One through Ten, the defendant,

JAMES LIQUORI,

shall forfeit to the United States all property, constituting and derived from proceeds traceable to said offenses, including but not limited to the following property:

(a) a sum of money equal to the amount of proceeds obtained as a result of the offense.

If any of said property, as a result of any act or omission of the defendant-

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

any and all interest defendant has in other property shall be vested in the United States and forfeited to the United States pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure.

Dated: 11/22/10

                    MELINDA HAAG
                    United States Attorney

                    JEFF NEDROW
                    Deputy Chief, San Jose Office

(Approved as to form: _____)
                    AUSA SCHENK

INFORMATION                4

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☒ INFORMATION  ☐ INDICTMENT  ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location:
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

FILED 2010 NOV 23 3:51
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT

### OFFENSE CHARGED

18 U.S.C. § 1341 (Mail Fraud);
18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), (Forfeiture)

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: 20 years imprisonment
$250,000 fine, or twice the gross gain or gross loss from the offense
3 years supervised release
$100 special assessment

### DEFENDANT - U.S
▶ JAMES LIQUORI

DISTRICT COURT NUMBER
**CR 10 00855 JF**

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**  PVT
4) ☐ On this charge
5) ☐ On another conviction  } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No  } If "Yes" give date filed

DATE OF ARREST ▶  Month/Day/Year
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶  Month/Day/Year

### PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)
**FBI**

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:  ☐ U.S. ATTORNEY  ☐ DEFENSE  } SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant  } MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form: **MELINDA HAAG**
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): **JEFFREY B. SCHENK**

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

**PROCESS:**
☒ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
☒ Arraignment  ☒ Initial Appearance

Defendant Address:
(Agent will serve summons)
c/o Manuel Araujo, A.F.P.D.

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: 12/16/10 at 1:30 PM    Before Judge: Duty Magistrate

Comments: