MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

JEFFREY B. SCHENK (CABN 234355)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
   San Jose, CA 95113
   Telephone: (408) 535-5061
   Fax: (408) 535-5066
   E-Mail: jeffrey.b.schenk@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 10-00855 JF |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| JAMES LIQUORI, | |
| Defendant. | |

## I. INTRODUCTION

On November 22, 2010, the United States Attorney's Office for the Northern District of California filed a one-count Information charging James Liquori with mail fraud, in violation of Title 18, United States Code, Section 1341. On March 21, 2011, the defendant pled guilty pursuant to a plea agreement offered under Rules 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure. The defendant now appears before this Court for sentencing.

## II. SENTENCING RECOMMENDATION

1. Sentencing Guidelines Calculation

The United States has reviewed the Presentence Report prepared by the United States Probation Office and has no objections to the report's factual recitation. In its report, the U.S. Probation Office recommends the following offense level computation: a base offense level of seven [U.S.S.G. § 2B1.1(a)(1) and PSR ¶ 27], an additional fourteen levels are added for the amount of loss involved in the offense. [U.S.S.G. § 2B1.1(b)(1)(H) and PSR ¶ 28.] An additional two levels are added for the number of victims involved in the offense. [U.S.S.G. § 2B1.1(b)(2)(A) and ¶ 29.] This results in an adjusted offense level of 23. [PSR ¶ 33.] The defendant's plea entitles him to a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b). [PSR ¶¶ 34-35.] Therefore, the Probation Office concludes that the defendant's total offense level is twenty. [PSR ¶38.]

The United States agrees with the Probation Office's U.S.S.G. calculations. The government urges this Court to adopt the offense computation offered in the plea agreement. In the agreement, the parties concluded that the defendant's total offense level is twenty. An offense level of twenty when indexed with the defendant's applicable criminal history category, one, results in an applicable guideline range of 33 – 41 months in custody.

2. § 3553(a) Factors and a Reasonable Sentence

First, among the 18 U.S.C. § 3553(a) factors a sentencing court must consider are: <u>(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense</u>. 18 U.S.C. § 3553(a)(1) and (2)(A). *emphasis supplied*. Here, a low-end but significant Guidelines sentence would punish the defendant justly and adequately for his serious criminal conduct. Also, as is apparent from the Victim Impact Statements, provided to the Court under separate cover, a Guidelines sentence would acknowledge the devastating harm the defendant's fraud caused to many innocent victims.

At the same time, a low-end sentence is appropriate because this defendant has lived an otherwise law-abiding life and this criminal conduct appears both to be unusual and unlikely to

reoccur. Moreover, the defendant pled guilty in this case after waiving his right to indictment by a federal grand jury and after only one appearance in district court. In fact, from the very beginning of this criminal investigation, during the execution of a search warrant, the defendant quickly and completely admitted responsibility for his criminal conduct. His rapid acceptance of responsibility certainly saved the Court and the government substantial resources in the investigation and prosecution of this criminal matter. A low-end sentence would recognize the importance of the defendant's quick plea and the accompanying significant resources his actions saved.

3. <u>Restitution</u>

The government agrees with Probation that the defendant should be ordered to pay $2,120,100 in restitution to the victims of his fraud. The Probation Report correctly identities the proper distribution of the payments to victims. This amount includes principal investments the defendant received from investor-victims but has not returned. This total has not been, and should not be, offset by interest payments the defendant made, as promised, to victim-investors.

4. <u>Victims</u>

The government understands that several victims who desire the opportunity to speak at sentencing may be present in Court.

### III. <u>CONCLUSION</u>

For the reasons set forth above, the United states recommends that the Court adopt the above-described sentence.

DATED:     June 15, 2011                           MELINDA HAAG
                                                   United States Attorney



                                                   ___/s/_____
                                                   JEFF SCHENK
                                                   Assistant United States Attorney

UNITED STATES' SENTENCING MEMORANDUM
CR 10-00855 JF