# JAMES M. LIQUORI

3553 KIRKWOOD DRIVE
SAN JOSE, CALIFORNIA 95117

Telephone: (408) 832-3170
Email: signaturejim@sbcglobal.net

May 25, 2011

Honorable Judge Fogel
United States Federal Court
Northern District of California

RE: CR-10-00855-JF, UNITED STATES vs. JAMES LIQUORI

Your Honor:

It is with a feeling of sincere self contempt and a profound sense of remorse that I must claim full responsibility for my unlawful actions. It is my actions alone that have caused both emotional and financial injury to investors that were depending on me. Measured by any reasonable standard I fell far short of complying with those personal obligations.

It was pride and the sense of validation that I have always derived from the appearance of success in my work that dominated my better judgment and personal ethics. Although I began with honorable intentions, I am fully culpable and single-handedly responsible for my crimes and the losses many have suffered.

Your Honor, there is no defense for my behavior. I can only attempt to offer the court an explanation for my actions. These statements are in no way to be construed as an excuse, or in any way justification for my behavior.

About 1998 I made the decision to begin brokering loans between homeowners and investors as a way to diversify my practice. For many years, I did so both honorably and in a manner that I continue to believe benefited all involved. In retrospect, my thinking and actions were flawed by the commonly held delusion that real estate would continue to appreciate in value, or at the very least remain relatively stable subject to slight fluctuations that reflected periodic real estate variables.

When a borrower missed an monthly payment, I continued to make monthly income disbursements to each individual lender. This was often done with both the borrowers and lenders knowledge. I believed that the borrower was merely experiencing a temporary cash flow problem. When the nonpayment became more chronic, I continued making monthly disbursements to each lender, still clinging to the belief that the combination of the borrowers property and my willingness to use my own assets if necessary, would secure the beneficiaries against any financial loss.

More importantly, I could not bring myself to admit to investors that my flawed business judgment had put their investment at additional risk. As property values first slowed and then declined to the point of all equity disappearing, the situation become impossible to cure using existing collateral and my own personal assets. I continued ignore the market conditions by convincing myself that recovery was imminent. My thinking was if I could just keep up the monthly payments to investors during the economic downturn the borrowers could keep their home, and the investor would be paid in full as promised.

In doing so, I further exacerbated the problem by fraudulently soliciting "investment" money from people who believed in me. Those investors included even close friends of many years. Rather than simply confessing to individual lenders facing investment losses due to my failure to anticipate the bursting of the real estate bubble I hid under the security blanket of denial.

I closed my real estate practice in April, 2010, voluntarily surrendered my real estate license and chose not to renew my California appraisal license a few months later. I had finally at last realized the scope of my violation of my own personal ethics and the law. Please know that I am deeply and truly sorry for the harm, disappointment and deception that I brought upon my friends, colleagues and clients. I know that even full restitution will not come close to repairing that damage that I have done.

I have subsequently been astonished by the respect, kindness and sensitivity that the agents of the government and the courts have shown me in the course of investigating this case. I would sincerely like to thank you and the court community for this.

I have a sense of anticipation and a belief in both my energy and ability. This, and a true desire to mitigate the damage I have caused will inspire me to do everything within my power to re-enter society as a viable asset after fulfilling my legal obligation to this court.

Respectfully submitted,

James M. Liquori